IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN MARCH, | No. C 14-00512 SI |
| Plaintiff, | **ORDER AWARDING DEFENDANTS WOODRUFF AND RIMES ATTORNEY'S FEES** |
| v. | |
| TWIN CITIES POLICE AUTHORITY, et. al., | |
| Defendants. | |

On July 25, 2014, the Court granted a motion by defendants Sky Woodruff and Anita Rimes to strike claims 7 and 8 from the first amended complaint under California's Anti-Slapp Law[1] and for attorney's fees. Docket No. 56. In the order, the Court stated that it was unable to calculate the proper amount of attorney's fees to award to defendants based on the declaration that was submitted along with the motion. *Id.* at 22. Therefore, the Court ordered defendants Woodruff and Rimes to file, within fourteen days, an updated request for attorney's fees including records sufficient to provide a proper basis for determining how much time was spent on the particular claims. *Id.* In response to the Court's order, defendants filed the supplemental declaration of Clifford Campbell on July 29, 2014. Docket No. 57.

---

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.'" *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 815 n.1 (2011). California Code of Civil Procedure § 425.16(b)(1) provides: "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

## LEGAL STANDARD

The "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001). "The dual purpose of this mandatory attorney fee award is to discourage meritless lawsuits and to provide financial relief to the victim of a SLAPP lawsuit 'by imposing the litigation costs on the party seeking to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *City of Los Angeles v. Animal Def. League*, 135 Cal. App. 4th 606, 627 n.19 (2006). "The defendant may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). But, "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees" under the anti-SLAPP statute. *Ketchum*, 24 Cal.4th at 1141.

An award of attorney's fees and costs pursuant to section 425.16(c)(1) must be reasonable. *Minichino v. First Cal. Realty*, No. C-11-5185 EMC, 2012 U.S. Dist. LEXIS 177524, at *7 (N.D. Cal. Dec. 14, 2012) (citing *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995) ("We readily conclude section 425.16 similarly authorizes an award of *reasonable* attorney fees to the prevailing party.") (emphasis in original)). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" *Ketchum*, 24 Cal. 4th at 1131-32; *see also Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.").

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *amended on other grounds by* 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11). The relevant community for purposes of determining the prevailing market rate is generally the "forum

in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

In determining a reasonable amount of time spent, the Court should only award fees based on "the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "There is no precise rule or formula for making these determinations." *Id.* at 436. "The court necessarily has discretion in making this equitable judgment." *Id.* at 437.

"As the moving party, the prevailing defendant seeking fees and costs bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. To that end, the court may require [a] defendant[] to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims." *Alnor*, 165 Cal. App. 4th at 1320 (quotations and citations omitted). A court has broad discretion in determining the reasonable amount of attorney's fees and costs to award. *See Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 785 (1996).

**DISCUSSION**

Because defendants Woodruff and Rimes prevailed on their special motion to strike, they are entitled to a mandatory award of reasonable attorney's fees. *See Ketchum*, 24 Cal. 4th at 1131; Docket No. 56 at 21. Attached to the supplemental declaration of Clifford Campbell is a billing statement that was prepared by Mr. Campbell's firm and sent to defendants. Docket No. 57, Supp. Campbell Decl. Ex. A. This billing statement is sufficient evidence to provide a proper basis for the Court to determine a reasonable amount of attorney's fees to award.

The billing statement shows Mr. Campbell charged $210 per hour for his services. *Id.* The Court finds that this is a reasonable hourly rate. *See Rosenfeld v. United States DOJ*, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012) (finding reasonable a rate of $200 per hour for an entry-level associate); *Californians for Disability Rights v. Cal. DOT*, No. C 06-05125 SBA (MEJ), 2010 U.S. Dist. LEXIS 141030, at *39 (N.D. Cal. Dec. 13, 2010) (finding reasonable a rate of $265 per hour for an associate with one-year of experience). The billing statement also shows that Mr. Campbell spent twenty-six (26) hours and fifty-three (53) minutes drafting the special motion to strike and five (5) hours and twelve (12)

minutes drafting the reply brief for a total of thirty-two (32) hours and five (5) minutes. Docket No. 57, Supp. Campbell Decl. Ex. A. The Court finds that this is a reasonable amount of time to have spent researching for and preparing the motion and reply brief. In the supplemental declaration, Mr. Campbell also states that he spent an additional one hour and forty-five (45) minutes preparing the supplemental declaration. *Id.* ¶ 5. The Court concludes that this is an excessive amount of time to have expended on a one-page declaration attaching a one-page exhibit, and that thirty (30) minutes is a more reasonable amount of time to have expended in preparing the supplemental declaration. Therefore, the proper lodestar figure is $6,842.50.[2]

Under California law, "the lodestar is the basic fee for comparable legal services in the community." *Ketchum*, 24 Cal. 4th at 1132. A court may adjust the lodestar "based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Id.* The Court does not find it necessary or appropriate to adjust the lodestar in the present matter. Accordingly, pursuant to California Code of Civil Procedure § 425.16(c)(1), the Court AWARDS defendants Woodruff and Rimes $6,842.50 in attorney's fees.

**IT IS SO ORDERED.**

Dated: August 4, 2014

SUSAN ILLSTON
United States District Judge

---

[2] $210 per hour multiplied by 32 hours is $6,720. $210 per hour multiplied by 35/60 minutes is $122.50. $6,720 + $122.50 = $6,842.50.

4